**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM EARL WADE, Jr., | No. 20-16412 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00694-SPL-JFM |
| v. | |
| PAUL PENZONE, Maricopa County Sheriff; KINDELL HOUSE, B3914, Supervisor Inmate Legal Services at 4th Avenue Jail; B. PIIRIMEN, External Referee at M.C.S.O., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 17, 2022**

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Arizona state prisoner William Earl Wade, Jr., appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

The district court properly dismissed Wade's constitutional claims related to defendant Piirimen's failure to forward Wade's grievance to the next level because Wade failed to allege facts sufficient to state a claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a claim); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure[.]").

The district court dismissed Wade's constitutional claims regarding his outgoing legal mail for failure to state a plausible claim. However, in the first amended complaint, Wade alleged that prison officials held and read his outgoing legal mail. Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2016); *see also Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (discussing prisoners' First Amendment right to send and receive mail). We reverse the judgment in part and remand for further proceedings on these claims only.

**AFFIRMED in part, REVERSED in part, and REMANDED.**